UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP WHITE,

    Plaintiff,

v.

THE KROGER CO., et al.,

    Defendants.

Case No. 21-cv-08004-RS

**ORDER DENYING MOTION TO DISMISS**

# I. INTRODUCTION

In this putative class action plaintiff alleges that sunscreen products produced by defendant Fruit of the Earth, and sold by defendant The Kroger Co. under its "house brand," are misleadingly labeled as "reef friendly," when they in fact contain ingredients with the potential to damage reefs. Plaintiff advances claims under California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"); California False Advertising Law, Cal. Bus. & Prof. Code §17500 et seq. ("FAL"); and the California Consumers Legal Remedies Act, Cal Civ. Code § 1750 et seq. ("CLRA"), as well as breach of implied warranty and "unjust enrichment."

Kroger moves to dismiss the operative First Amended Complaint in its entirety, arguing the claim "reef friendly" is inactionable as it is "mere puffery," and that in any event the question should be left to agency regulation under the primary jurisdiction doctrine. Kroger also raises several other challenges to portions of the complaint. The motion to dismiss will be denied.

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. Claims sounding in fraud must meet a somewhat higher specificity standard as provided by Rule 9 of the Federal Rules of Civil Procedure.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

III.  DISCUSSION

A.  <u>Puffery</u>

Claims under the UCL, FAL, and CLRA are governed by the "reasonable consumer" standard. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). Under this standard, a plaintiff must "show that 'members of the public are likely to be deceived.'" *Id.* (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). This requires more than a "mere possibility" that defendants' use of the term "reef friendly" on their products "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Rather, it must be "probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508 (; *see also Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (emphasizing that "the standard is not a least sophisticated consumer," but a reasonable one).

Kroger acknowledges the "reasonable consumer" inquiry is ordinarily fact-intensive and not well-suited for resolution at the pleading stage. Kroger insists, however, that the question of whether a challenged representation is "mere puffery," and therefore inactionable, is a separate issue, and one of pure law. It would not be proper to disregard potential factual issues regarding how reasonable consumers would understand a representation when evaluating whether it constitutes "puffery." In some instances, however, it is possible to conclude at the pleading stage that an alleged misrepresentation is too generalized, vague, subjective, and/or constitutes exaggerated boasting, such that a consumer cannot reasonably rely on the claim. Kroger, however, has failed to show that "reef friendly" is such a term in the context of the allegations of the complaint here.

Kroger relies on cases where "friendly" was used in very different circumstances. *See*, *e.g.*, *Wedi Corp. v. Wright*, 840 F. App'x 272, 273 (9th Cir. 2021) ("[U]ser-friendly . . . non-actionable puffery"); *Klaehn v. Cali Bamboo*, LLC, 2021 WL 3044166, at *8 (S.D. Cal. June 14, 2021) ("[P]et friendly" is "non-actionable puffery"). Where a reasonable inference exists that consumers

may be looking for sunscreen products that are not damaging to reefs, however, "reef friendly" may reasonably be understood as implying defendants' products meet those criteria.

To be sure, Kroger points to some cases where even the words "environmentally friendly" have been found too vague—but that is a much broader term. Furthermore, as plaintiff points out, the Federal Trade Commission has promulgated "Guides for the Use of Environmental Marketing Claims," codified at 16 C.F.R. 260.1, et seq. ("Green Guides"), to "help marketers avoid making environmental marketing claims that are unfair or deceptive" based on the FTC's "views on how reasonable consumers likely interpret [those] claims." *Id*. at § 260.1(a), (d). In the FTC's view, "[u]nqualified general environmental benefit claims . . . likely convey that the product . . . has specific and far-reaching environmental benefits and may convey that the item . . . has no negative environmental impact." *Id*. at § 260.4(b) (providing "Eco-Friendly" as an example) (emphasis added). The California legislature codified the Green Guides to make it "unlawful for a person to make an untruthful, deceptive, or misleading environmental claim, whether explicit or implied." Cal. Bus. & Prof. Code § 17580.5. California viewed terms "on the label or container of a consumer good" like "environmental choice," ecologically friendly," earth friendly," "environmentally friendly," ecologically sound," "environmentally sound," "environmentally safe," "ecologically safe," environmentally lite," "green product," "or any other like term," to mean that the product "is not harmful to, or is beneficial to, the natural environment." *Id*. at §§ 17580(a), 17581 (criminalizing such claims).

While neither the FTC guides nor the California statute directly creates a private cause of action, they do undermine any argument that "reef friendly" can be dismissed as mere puffery. Kroger's response is that the California statute does not *specifically* list "reef friendly" as a prohibited term, and that under "basic statutory interpretation principles" California law should therefore be read as hurting, rather than helping plaintiff's position. Kroger's attempt to invoke "*expressio unius est exclusio alterius*," is misdirected because as noted above the statutes *expressly* extend to "ecologically *friendly*," "earth *friendly*," "environmentally *friendly*," . . . or <u>any other like term</u>." § 17580(a) (emphasis added).  Accordingly, the complaint is not subject to

dismissal on grounds that the alleged misrepresentations are mere puffery.

B. Primary jurisdiction

The primary jurisdiction doctrine applies when there is: "(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Clark v. Time Warner*, 523 F.3d 1110, 1115 (9th Cir. 2008). "In practice, this means that the court either stays proceedings or dismisses the case without prejudice, so that the parties may seek an administrative ruling." *Id*. at 1115. The doctrine of primary jurisdiction may only be properly invoked "in a limited set of circumstances"; it "is not designed to 'secure expert advice' from agencies every time a court is presented with an issue conceivably within the agency's ambit." *Id*. at 1114 (internal quotations omitted). "It is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id*. (internal quotations omitted).

Kroger points to pending legislation in Congress that, if enacted, likely will result in the FDA eventually developing regulations that may govern sunscreen ingredients and how they may be represented, in connection with reef health. That possibility is too remote at this juncture to warrant a stay or dismissal, particularly where evaluating the merits of the misrepresentation claim under existing law is well within the expertise of the courts.

B. Rule 9(b)

Kroger argues the claims sounding in fraud are not pleaded with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. The complaint, however, quite clearly sets out what representation is allegedly misleading, where and how defendants make the representation, and why plaintiffs contend it is misleading. This is sufficient. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("To satisfy Rule 9(b), a pleading

must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." (cleaned up).) Kroger's argument that the studies cited in the complaint do not prove plaintiff's claims or that the allegations are otherwise factually insufficient misconstrues plaintiff's pleading burden. *See Locklin v. Strivectin Operating Company, Inc.*, No. 21- cv-07967-VC (N.D. Cal. Mar. 23, 2022).

### C.  Other issues

Kroger argues the breach of implied warranty claim fails because plaintiff fails to explain how the challenged sunscreen products do "not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal.App.4th 402, 406 (2003). Under Cal. Com. Code § 2314(2)(f), however, the implied warranty of merchantability includes a promise that the goods "[c]onform to the promises or affirmations of fact made on the container or label . . . ." Plaintiff has adequately alleged breach of that implied promise.

Kroger's challenges to plaintiff's standing with respect to specific sunscreen products he did not purchase and to his ability to represent a nationwide class both represent matters that are better addressed at the class certification stage, notwithstanding the fact that in some circumstances they can be decided at the pleading stage.

Finally, while the viability of "unjust enrichment" as a standalone claim remains a matter of some dispute, there is no basis to dismiss it here where underlying claims remain. Accordingly, it may go forward.

### IV. CONCLUSION

The motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated: March 25, 2022

_____
RICHARD SEEBORG
Chief United States District Judge