**BURSOR & FISHER, P.A.**
Neal J. Deckant (SBN 322946)
*ndeckant@bursor.com*
Brittany S. Scott (SBN. 327132)
*bscott@bursor.com*
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Kelsey J. Elling (SBN 337915)
*kelling@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
*bheikali@faruqilaw.com*
10866 Wilshire Blvd. #1470
Los Angeles, CA 90024
Tel: (424) 256-2884
Fax: (424) 256-2885

*Attorneys for Plaintiff Phillip White*

**GREENBERG TRAURIG, LLP**
Rick L. Shackelford (SBN 151262)
*shackelfordr@gtlaw.com*
Hannah B. Shanks-Parkin (SBN 305753)
*shanksparkinh@gtlaw.com*
Gaganjyot K. Sandhu
*sandhug@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel.: (310) 586-7794
Fax: (310) 586-7800

*Attorneys for Defendant Fruit of the Earth, Inc.*

**DAVIS WRIGHT TREMAINE LLP**
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
James H. Moon (SBN 268215)
*jamesmoon@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017
Tel: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant The Kroger Co.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.; and FRUIT OF THE EARTH, INC.,<br><br>Defendants. | Case No.: 3:21-cv-08004-RS<br>Case Filed: October 12, 2021<br>FAC Filed: December 10, 2021<br>*Assigned Hon. Richard Seeborg*<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>**Initial Case Management Conference**<br>Date: April 21, 2022<br>Time: 10:00 a.m.<br>Video Conference Only<br>Judge: Hon. Richard Seeborg |

Plaintiff Phillip White ("**Plaintiff**") and Kroger Co. ("**Kroger**") and Fruit of the Earth, Inc. ("**FOTE**") (collectively, the "**Defendants**"), the parties to the above-titled action (collectively, the "**Parties**"), hereby submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Standing Order for Judge Richard Seeborg.

**1. Jurisdiction & Service**

Plaintiff alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the proposed Classes consist of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiff served both Defendants on October 18, 2021 (ECF 7, 9).

**2. Facts**

(a) **Plaintiff's Statement**: Plaintiff filed a class action complaint against Defendants for manufacturing, distributing, and selling Kroger® brand baby, kids, sheer, sport, and tanning sunscreen products (the "**Products**"), deceptively labeled as "REEF FRIENDLY," deliberately leading reasonable consumers, including Plaintiff, to believe that the Products only contain ingredients that are reef-friendly and otherwise cannot harm reefs, including the coral reefs and marine life that inhabit or depend on them. However, contrary to this labeling, the Products actually contain avobenzone, homosalate, octisalate, and/or octocrylene, which are chemical ingredients that are not reef friendly because they harm and/or kill reefs, including the corals and their inhabiting and/or co-dependent marine life. Through falsely, misleadingly, and deceptively labeling the Products, Defendants sought to take advantage of consumers' desire for sunscreens that are truly friendly to or safe for reefs, while reaping the financial benefits of using less desirable, harmful, and/or less costly chemicals in the Products.

(b) **Kroger's Statement**: Plaintiff Phillip White alleges The Kroger Co.'s (Kroger) sunscreen products labeled as "reef friendly" (the Sunscreen Products) are misleading and falsely advertised based on the allegation that the ingredients in the Sunscreen Products harm "coral reefs and marine life that inhabits and/or depends on [the reefs]." Plaintiff argues he is entitled to

bring suit because Kroger's Sunscreen Products, labeled as "reef friendly," contain certain component ingredients (i.e., avobenzone, homosalate, octisalate, and octocrylene) that he believes can harm coral reefs. From this, he brings a putative class action based on the one product he did purchase (and sixteen other different products he did not) in varying sizes and packages.

(c) **FOTE's Statement:** Plaintiff has amended his complaint once as of right, but in both the original and the amended complaint, he has consistently acknowledged purchasing only one Kroger-branded sunscreen product, described as Kroger Sport Sunscreen Spray, SPF 50, 5.5 ounces, which he purchased at a Kroger store. [Amended Compl., ¶8.] FOTE has filed a motion for summary judgment establishing that it did not make or promote the only product that plaintiff bought from Kroger and, thus, plaintiff's complaint fails to assert any viable claim against FOTE. By stipulation, FOTE's motion is set for hearing on June 16, 2022.

### 3. Legal Issues

(a) **Plaintiff:** Plaintiff asserts claims on behalf of himself, a nationwide class, and a California subclass of purchasers of the Products for violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), violations of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*), violations of California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*), breach of warranty and unjust enrichment.

(b) **Kroger's Statement**: Plaintiff has pleaded five causes of action against both defendants: (1) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); (2) violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); (3) violation of California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); (4) breach of warranty; and (5) unjust enrichment.

(c) **FOTE's Statement:** As established in FOTE's pending motion for summary judgment, plaintiff did not purchase from Kroger any product made by FOTE. Accordingly, FOTE believes plaintiff lacks standing to pursue any claim against FOTE.

### 4. Amendment Of Pleadings

Plaintiff amended his complaint as of right pursuant to Rule 15(a)(1)(B) on December 10, 2021 (ECF 20), to assert a claim for damages under the Consumers Legal Remedies Act (Cal. Civ.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Code § 1750, *et seq*. Additionally, the parties have tentatively agreed to permit Plaintiff to amend the operative complaint to correct an ambiguity in the First Amended Complaint regarding the current status of the proposed amendment in Hawaii to ban avobenzone and octocrylene, without impacting the pending motion for summary judgement on file. *See* FAC, ECF ¶ 18 (ambiguity as to whether the Hawaiian amendment has been enacted into law, which it has not). Upon reaching a written stipulation, Plaintiff intends to file it and the Second Amended Complaint pursuant to Rule 15(a)(2). Plaintiff further reserves the right to move for leave to file an amended pleading consistent with the deadline in the proposed schedule and/or consistent with applicable law.

## 5. Motions

**Kroger's Motion to Dismiss.** Defendant Kroger filed a motion to dismiss the first amended complaint on January 10, 2022 (ECF 24), to which Plaintiff opposed on February 8, 2022 (ECF 43) and Defendant Kroger replied on February 22, 2022 (ECF 44). The Court denied Kroger's motion to dismiss on March 25, 2022, including a finding that "Kroger's challenge[] to plaintiff's standing with respect to specific sunscreen products he did not purchase . . . [is] better addressed at the class certification stage." ECF 50.

**FOTE's Motion for Summary Judgment.** On April 5, 2022, Defendant FOTE filed a motion for summary judgment against *all* of Plaintiff's claims asserted against it in the operative complaint, contending that it "did not make or sell" one of the approximately fourteen Products at issue in the operative complaint—specifically, the Product that Plaintiff purchased. MSJ, ECF 52, at 1; Spencer Decl., ECF 52-1, at ¶¶ 2-3 ("FOTE did not manufacture, and did not sell to Kroger, the Kroger Sport Sunscreen Spray, SPF 50 . . . . [and] does not sell, and has never sold, [that Product]."); FAC at ¶¶ 4, 8 (identifying Products at issue and Plaintiff's purchased Product). Pursuant to the stipulated order of this Court entered on April 12, 2022, Plaintiff's opposition is due May 24, 2022, FOTE's reply is due May 31, 2022, and the hearing is set on June 16, 2022. ECF 56. To respond to FOTE's pending motion, on April 6, 2022,

**Plaintiff's Statement:** Plaintiff anticipates filing a motion for class certification and may also file a motion for summary judgment.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

***With respect to FOTE's pending motion for summary judgment, Plaintiff respectfully requests the parties discuss the propriety and timing of this motion with the Court at the Case Management Conference*** to ensure a fair and efficient schedule to manage this case, including the briefing schedule on Plaintiff's motion for class certification in conjunction with FOTE's motion for summary judgment and to prevent the filing of multiple or repetitive motions.

- **First**, it is Plaintiff's position that FOTE's motion for summary judgment is, in effect, an improper motion for reconsideration of this Court's ruling on March 25, 2022, denying Kroger's motion to dismiss claims pre-certification regarding the unpurchased Products on Article III standing grounds. Consistent with this Court's ruling, summary judgment in FOTE's favor pre-certification is not proper with respect to claims regarding *all* Products, which includes the unpurchased Products, absent affirmative evidence that FOTE had no involvement with the unpurchased Products. FOTE's motion fails to do just that. *See* Spencer Decl at ¶¶ 2-3.
- **Second**, Plaintiff is concerned that, depending on whether this Court finds FOTE has met its moving burden, there may be inadequate time to complete the requisite discovery needed to respond to the pending motion. Discovery in this action first opened under Rule 26(d) on April 1, 2022, and the parties finished exchanging Rule 26(a)(1) disclosures on April 14, 2022. One day after FOTE filed its motion for summary judgment, Plaintiff served on April 6, 2022, a set of seven requests for admissions concerning FOTE's role in all fourteen Products at issue in the operative complaint, and also requested expedited responses within fourteen days. Defendants have not yet agreed. Additionally, Plaintiff sought from FOTE's counsel, in November 2021, the same information to no avail. Mot. Re Relation at Ex. F, ECF 36-8. Nonetheless, Plaintiff received a communication from FOTE's counsel that FOTE will respond, but counsel "doubt[s Plaintiff is] going to like the responses, as [FOTE is] only going to respond based on the product your client bought."

Based on the foregoing, and the impact that a potential early dismissal, pre-certification, of the unpurchased Products' manufacturer would have on class discovery and the overall management of this action, Plaintiff respectfully requests this Court discuss these concerns with the parties at the Case Management Conference. Indeed, a full and complete response to Plaintiff's outstanding requests for admissions may obviate the need for any briefing on FOTE's pending motion and Plaintiff's concern regarding the impact an early dismissal and post-certification rejoinder would have on discovery and the management of this action.

**Kroger's Statement:** Kroger anticipates filing a motion for summary judgment. Kroger will oppose any motion for summary judgment and any motion for class certification that Plaintiff may file. Kroger reserves its right to file additional motions in conformance with the Federal Rules of Civil Procedure, the Northern District of California's Local Rules, and this Court's policies and procedures.

## 6. Evidence Preservation

Each of the Parties assert that they have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

## 7. Disclosures

The Parties intend to serve their respective Rule 26(a)(1) initial disclosures by April 15, 2022, approximately 14 days after they met and conferred under Rule 26(f).

## 8. Discovery

The Parties have not yet served discovery. The Parties have agreed to accept service of discovery requests and responses via email. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored information, as well as a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

(a) **Plaintiff**: Plaintiff intends to seek discovery regarding, among other things: (i) documents sufficient to show sales to wholesalers, distributors, and retail consumers for each SKU of the Products; (ii) documents sufficient to show, for each SKU of the Products, the number of units sold, revenue generated by such sales, and pricing; (iii) documents sufficient to show all label/packaging exemplars and changes (and the date thereof), if any, for each SKU of the Products; (iv) documents concerning the "REEF FRIENDLY" claims; (v) communications with customers, regulatory agencies, industry groups, and consumer advocacy groups concerning complaints or comments regarding the Products; (vi) documents related to any policy, procedure, practices, or budgeting for the marketing strategy used to market, advertise, promote, and/or sell the Products; (vii) documents showing any testing of the Products; (viii) identifying information for consumer purchasers of the Products; (ix) documents sufficient to show all advertisements for the Products, including active, archived, and/or deactivated internet websites and online marketing; and (x) any marketing research related to the Products, "REEF FRIENDLY" claim, and/or sunscreens, including consumer surveys, focus groups, competitor products, and/or market share. Plaintiff may also seek expert opinion on, among other things, the accuracy of the "reef conscious formula"

claims, consumer perception of the claim, and damages. Plaintiff notes that this list is preliminary in nature and may change as discovery commences.

(b) **Kroger's Statement**: Kroger denies Plaintiff's allegations that its products are deceptively labeled or confusing to any reasonable consumer, or that this action may proceed as a class action. Kroger anticipates discovery may be needed regarding Plaintiff's purported purchase of the "Kroger® *Sport* Sunscreen, Spray, SPF 50, 5.5-oz" product referenced in the First Amended Complaint, his understanding of the product's labeling, his response to learning the ingredients contained in the product, his claims against Kroger, his ability to represent a putative class, and his purported damages.

(c) **FOTE's Statement:** Plaintiff has served certain discovery to FOTE in connection with FOTE's summary judgment motion. FOTE will respond to plaintiff's discovery with respect to the sole product plaintiff purchased; however, FOTE's motion is based upon plaintiff's own purchasing allegations and, thus, FOTE does not believe any possible discovery responses it could serve would create a triable issue of fact as to those allegations.

## 9. Class Actions

(a) **Plaintiff**: Plaintiff intends to move for class certification consistent with the proposed schedule included in Section 17 below. Plaintiff's counsel have reviewed the Procedural Guidelines for Class Action Settlements.

(b) **Kroger's Statement**: Kroger denies Plaintiff's allegations that this action may proceed as a class action, including Plaintiff's attempts to apply California law to a "nationwide" class. Kroger's counsel have reviewed the Procedural Guidance for Class Action Settlements in the Northern District of California.

(c) **FOTE's Statement:** FOTE has reviewed the Procedural Guidance for Class Action Settlements in the Northern District of California. FOTE denies that plaintiff has standing to pursue a class action against a manufacturer for products that manufacturer did not make.

## 10. Related Cases

(a) **Plaintiff**: On January 31, 2022, Plaintiff White filed a notice of lodging in connection to Plaintiff Michelle Moran's Administrative Motion to Consider Whether Cases Should

be Related filed in *Moran v. Edgewell Personal Care, LLC*, N.D. Cal., No. 3:21-cv-07669-RS (filed Sept. 30, 2021). ECF 38. This Court "***determined that no cases are related and no reassignments shall occur***." ECF 45 (emphasis added). As such, Plaintiff is not aware of any other related cases as defined by L.R. 3-12 ("Definition of Related Cases. An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.")

(b)    **Kroger's Statement**: At this time, Kroger is unaware of any potentially related cases other than the five putative class action lawsuits various plaintiffs filed in the Northern District of California related to various defendants' sunscreen products based on their representations relating to "reef[s]."

(c)    **FOTE's Statement:** FOTE joins in Kroger's statement.

## 11.  Relief

(a)    **Plaintiff**: Plaintiff seeks all available damages (including but not limited to compensatory damages, consequential damages, and punitive damages), injunctive relief, restitution/disgorgement, pre/post-judgment interest, attorneys' fees, and costs and expenses.

(b)    **Kroger's Statement**: Kroger denies Plaintiff's entitlement to each and every aspect of relief sought in the operative complaint.

(c)    **FOTE's Statement:** FOTE denies that plaintiff has stated any claim for relief against FOTE.

## 12.  Settlement and ADR

The Parties have not begun settlement negotiations; however, the Parties are willing to discuss ADR and private mediation options. Pursuant to Civ. L.R. 16-8(b) and ADR L.R. 3-5(b), Plaintiff filed an ADR Certification on January 26, 2022 (ECF 35).

## 13.  Consent To Magistrate Judge For All Purposes

On November 10, 2021, Defendant Kroger filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (ECF 12). Accordingly, on November 15, 2021, this action was reassigned to this Court (ECF 18).

### 14. Other References

At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing Of Issues

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

### 16. Expedited Trial Procedure

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

### 17. Scheduling

The Parties propose the below schedule. It is premature to schedule dates after the Court rules on Plaintiff's anticipated motion for class certification as it would have a substantial impact on the time necessary to complete any remaining non-expert and expert discovery, and prepare for trial. As such, the Parties have proposed a deadline to confer and file an updated status report and proposed schedule following the Court's ruling on said motion below.

| Event | Date |
|---|---|
| Deadline to serve Rule 26(a)(1) Initial Disclosures | **Friday, April 15, 2022** [14 days after the April 1, 2022 Rule 26(f) Attorney-Conference] |
| **Kroger Proposes:** Parties' Initial Expert Disclosure & Report Deadline<br>**FOTE** is amenable to this proposal<br>**Plaintiff** counter proposes the parties simultaneously file expert reports with their papers in connection with class certification as set forth below | *Not Stipulated*<br>**Monday, February 20, 2023**<br>[Approx. 60 days before deadline to file motion for class certification; Approx. 10 months after all Defendants have filed an answer to the operative complaint and Initial CMC on April 21, 2022] |

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

| Event | Date |
|---|---|
| **Kroger Proposes:** Parties' Rebuttal Expert Disclosure & Report Deadline[1]<br>**FOTE** is amenable to this proposal<br>**Plaintiff** counter proposes the parties simultaneously file expert reports with their papers in connection with class certification as set forth below | **Wednesday, March 7, 2023**<br>[Approx. 45 days before deadline to file motion for class certification; Approx. 15 days after initial expert reports served] |
| Deadline to file Motion to Amend the Pleadings and/or Join New Parties | **Wednesday, March 22, 2023**<br>[Approx. 30 days before deadline to file motion for class certification] |
| Deadline to file Plaintiff's Motion for Class Certification<br>**Plaintiff Proposes:** Instead of Kroger's proposed advance exchange of expert reports, Plaintiff shall file Plaintiff's class-certification expert reports simultaneous with Plaintiff's motion<br>**FOTE** is amenable to this proposal<br>**Kroger** counter proposes the advanced exchange of expert reports as set forth above | *Not Stipulated*<br>**Friday, April 21, 2023**<br>[Approx. 12 months following Initial CMC on April 21, 2022] |

---

[1] Plaintiff expressly reserves the right to rebut Defendants' expert reports with additional opinions or bases for opinions not already expressed in Plaintiff's class certification experts' initial reports. It is Plaintiff's position that Plaintiff's right to so respond is explicitly recognized under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (allowing expert reports to "rebut evidence on the same subject matter" submitted by another party"); *see also Zuniga v. Bernalillo Cty.*, No. CV 11-877 RHS/ACT, 2014 WL 12798269, at *5 (D.N.M. Jan. 9, 2014) ("Fed. R. Civ. P. 26(a)(2)(D), by its plain terms, permits Plaintiffs' disclosed experts to submit 'rebuttal reports' to Defendants' expert reports.").

| Event | Date |
|---|---|
| Deadline to complete depositions and document productions for Plaintiff's experts re: Class Certification | **Monday, May 22, 2023**<br>[Approx. 30 days after filing motion] |
| Deadline to file Defendants' Opposition to Class Certification<br><br>**Plaintiff Proposes:** Instead of Kroger's proposed advance exchange of expert reports, Defendants shall file their class-certification expert reports simultaneous with their opposition<br><br>**FOTE** is amenable to this proposal<br><br>**Kroger** counter proposes the advanced exchange of expert reports as set forth above | *Partially Stipulated*<br>**Monday, June 5, 2023**<br>[Approx. 45 days after filing motion] |
| Deadline to complete depositions and document productions for Defendant's experts re: Class Certification | **Wednesday, July 5, 2023**<br>[Approx. 30 days after filing opposition] |
| Deadline to file Plaintiff's Reply in Support of Class Certification<br><br>**Plaintiff Proposes:** Instead of Kroger's proposed advance exchange of expert reports, Plaintiff shall file any rebuttal class-certification expert reports simultaneous with their reply<br><br>**FOTE** is amenable to this proposal | *Partially Stipulated*<br>**Thursday, July 20, 2023**<br>[Approx. 45 days after filing opposition] |

| Event | Date |
|---|---|
| **Kroger** counter proposes the advanced exchange of expert reports as set forth above | |
| Hearing on Class Certification Motion | **Thursday, August 24, 2023, at 10:00 a.m.** [Approx. 30 days after filing reply] |
| Deadline for Parties to confer and file a Joint Status Report an updated Proposed Scheduling Order | 21 days after Court enters Order regarding Class Certification |
| Pre-Trial Conference | TBD |
| Trial | TBD |

## 18. Trial

Plaintiff demands a jury trial and estimates approximately seven to ten days for trial.

## 19. Disclosure Of Non-Party Interested Entities Or Persons

Plaintiff is not aware of any non-party interested entities or persons, other than putative class members.

Kroger is not aware of any non-party interested entities or persons.

## 20. Professional Conduct

Counsel for the Parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. Other

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: April 14, 2022                              Respectfully submitted,

**CLARKSON LAW FIRM, P.C.**
By:

/s/ Katherine A. Bruce
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com

|  |  |
|---|---|
|  | Shireen M. Clarkson (SBN 237882)<br>*sclarkson@clarksonlawfirm.com*<br>Katherine A. Bruce (SBN 288694)<br>*kbruce@clarksonlawfirm.com*<br>Kelsey J. Elling (SBN 337915)<br>*kelling@clarksonlawfirm.com*<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>Fax: (213) 788-4070<br><br>*Attorneys for Plaintiff Phillip White* |
| Dated: April 14, 2022 | Respectfully submitted,<br><br>**BURSOR & FISHER, P.A.**<br>By:<br><br>/s/ Brittany S. Scott<br>Neal J. Deckant (State Bar No. 322946)<br>Brittany S. Scott (State Bar No. 327132)<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-Mail: ndeckant@bursor.com<br>           bscott@bursor.com<br><br>**FARUQI & FARUQI, LLP**<br>By:<br><br>/s/ Benjamin Heikali<br>Benjamin Heikali (SBN 307466)<br>bheikali@faruqilaw.com<br>10866 Wilshire Blvd. #1470<br>Los Angeles, CA 90024<br>Tel: (424) 256-2884<br>Fax: (424) 256-2885<br><br>*Attorneys for Plaintiff Phillip White* |
| Dated: April 14, 2022 | **GREENBERG TRAURIG, LLP**<br><br>/s/ Hannah B. Shanks-Parkin<br>Rick L. Shackelford (SBN 151262)<br>Hannah B. Shanks-Parkin (SBN 305753) |

ND Cal. Case No.: 3:21-cv-08004-RS        -13-
JOINT CASE MANAGEMENT STATEMENT

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

|  |  |
|---|---|
|  | 1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Tel.: (310) 586-7794<br>Fax: (310) 586-7800<br>E-mail: ShackelfordR@gtlaw.com<br>ShanksParkinH@gtlaw.com |
|  | *Attorneys for Defendant Kroger Co. and Fruit of the Earth* |
| Dated: April 14, 2022 | **DAVIS WRIGHT TREMAINE LLP**<br><br>/s/ Peter K. Bae<br>Jacob M. Harper (SBN 259463)<br>*jacobharper@dwt.com*<br>James H. Moon (SBN 268215)<br>*jamesmoon@dwt.com*<br>Peter K. Bae (SBN 329158)<br>*peterbae@dwt.com*<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 633-6800<br>Fax: (213) 633-6899<br><br>*Attorneys for Defendant The Kroger Co.* |

## **PROPOSED ORDER**

The Court, having considered the Joint Case Management Statement, any arguments at hearing on this matter, and all relevant papers on file herein, hereby ORDERS the following dates set:

| Event | Date |
|---|---|
| Deadline to serve Rule 26(a)(1) Initial Disclosures | **Friday, April 15, 2022** <br> [14 days after the April 1, 2022 Rule 26(f) Attorney-Conference] |
| **Kroger Proposes:** Parties' Initial Expert Disclosure & Report Deadline <br> **FOTE** is amenable to this proposal <br> **Plaintiff** counter proposes the parties simultaneously file expert reports with their papers in connection with class certification as set forth below | *Not Stipulated* <br> **Monday, February 20, 2023** <br> [Approx. 60 days before deadline to file motion for class certification; Approx. 10 months after all Defendants have filed an answer to the operative complaint and Initial CMC on April 21, 2022] |
| **Kroger Proposes:** Parties' Rebuttal Expert Disclosure & Report Deadline[2] <br> **FOTE** is amenable to this proposal <br> **Plaintiff** counter proposes the parties simultaneously file expert reports with their papers in connection with class certification as set forth below | **Wednesday, March 7, 2023** <br> [Approx. 45 days before deadline to file motion for class certification; Approx. 15 days after initial expert reports served] |
| Deadline to file Motion to Amend the Pleadings and/or Join New Parties | **Wednesday, March 22, 2023** |

---

[2] Plaintiff expressly reserves the right to rebut Defendants' expert reports with additional opinions or bases for opinions not already expressed in Plaintiff's class certification experts' initial reports. It is Plaintiff's position that Plaintiff's right to so respond is explicitly recognized under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (allowing expert reports to "rebut evidence on the same subject matter" submitted by another party"); *see also Zuniga v. Bernalillo Cty.*, No. CV 11-877 RHS/ACT, 2014 WL 12798269, at *5 (D.N.M. Jan. 9, 2014) ("Fed. R. Civ. P. 26(a)(2)(D), by its plain terms, permits Plaintiffs' disclosed experts to submit 'rebuttal reports' to Defendants' expert reports.").

| Event | Date |
|---|---|
| | [Approx. 30 days before deadline to file motion for class certification] |
| Deadline to file Plaintiff's Motion for Class Certification<br><br>**Plaintiff Proposes:** Instead of Kroger's proposed advance exchange of expert reports, Plaintiff shall file Plaintiff's class-certification expert reports simultaneous with Plaintiff's motion<br><br>**FOTE** is amenable to this proposal<br><br>**Kroger** counter proposes the advanced exchange of expert reports as set forth above | *Not Stipulated*<br>**Friday, April 21, 2023**<br>[Approx. 12 months following Initial CMC on April 21, 2022] |
| Deadline to complete depositions and document productions for Plaintiff's experts re: Class Certification | **Monday, May 22, 2023**<br>[Approx. 30 days after filing motion] |
| Deadline to file Defendants' Opposition to Class Certification<br><br>**Plaintiff Proposes:** Instead of Kroger's proposed advance exchange of expert reports, Defendants shall file their class-certification expert reports simultaneous with their opposition<br><br>**FOTE** is amenable to this proposal<br><br>**Kroger** counter proposes the advanced exchange of expert reports as set forth above | *Partially Stipulated*<br>**Monday, June 5, 2023**<br>[Approx. 45 days after filing motion] |

| Event | Date |
|---|---|
| Deadline to complete depositions and document productions for Defendant's experts re: Class Certification | **Wednesday, July 5, 2023**<br>[Approx. 30 days after filing opposition] |
| Deadline to file Plaintiff's Reply in Support of Class Certification<br>**Plaintiff Proposes:** Instead of Kroger's proposed advance exchange of expert reports, Plaintiff shall file any rebuttal class-certification expert reports simultaneous with their reply<br>**FOTE** is amenable to this proposal<br>**Kroger** counter proposes the advanced exchange of expert reports as set forth above | *Partially Stipulated*<br>**Thursday, July 20, 2023**<br>[Approx. 45 days after filing opposition] |
| Hearing on Class Certification Motion | **Thursday, August 24, 2023, at 10:00 a.m.**<br>[Approx. 30 days after filing reply] |
| Deadline for Parties to confer and file a Joint Status Report an updated Proposed Scheduling Order | 21 days after Court enters Order regarding Class Certification |
| Pre-Trial Conference | TBD |
| Trial | TBD |

**IT IS SO ORDERED.**

DATE: _____

Richard Seeborg
United States District Judge

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), the filer of this document attests that all signatories have concurred in its filing.

DATED: April 14, 2022                                  By:  /s/ *Katherine A. Bruce*
                                                                          Katherine A. Bruce, Esq.

                                                                          *Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265