UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP WHITE,

    Plaintiff,

    v.

THE KROGER CO., et al.,

    Defendants.

Case No. 21-cv-08004-RS

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

I. INTRODUCTION

In this putative class action, named plaintiff Phillip White contends that sunscreen products sold by defendant The Kroger Co. under its "house brand," are misleadingly labeled as "reef friendly," when they in fact contain ingredients with the potential to damage reefs. White alleges he purchased one specific product, Kroger® Sport Sunscreen, Spray, SPF 50, in a 5.5-oz package. White also seeks relief, however, with respect to more than a dozen other products, which he acknowledges he never purchased, but which he alleges are "substantially similar" to the purchased product.

Defendant Fruit of the Earth, Inc. ("FOTE") is alleged to be "one of the owners, manufacturers, and/or distributors" of the products listed in the complaint as misleadingly labeled. The undisputed evidence, however, is that FOTE did *not* manufacture, distribute, or have any connection with the purchased product. FOTE *is* the manufacturer of four of the other products listed in the complaint, which White did not purchase.

Arguing that White has no standing to pursue any claim against it, FOTE seeks summary judgment. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for June 16, 2022, is vacated. The motion will be granted.

## II.  LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323 (citations and internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which he bears the burden of proof at trial. *Id*. at 322-23. The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, *i.e*., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).

### III.  DISCUSSION

FOTE has presented evidence that it has nothing to do with the manufacture or distribution of the product White purchased, Kroger® Sport Sunscreen, Spray, SPF 50, in a 5.5-oz package. White does not argue otherwise, or contend there is any triable issue of fact on that point.[1] The sole basis of White's opposition is his contention that the court already decided to postpone until the class certification stage the question of whether White may properly serve as the class representative for products that he did not purchase, but which other putative class members did. Indeed, the order denying *Kroger's* motion to dismiss (to which FOTE was not a party) declined to dismiss or strike allegations in the complaint asserting claims arising from products White did not purchase.

FOTE is not in the same position as Kroger, however. In Kroger's case, it was undisputed (at least at the pleading stage) that Kroger sells all of the listed products and is therefore potentially liable for misrepresentations made in connection with sales of those product. Whether White may serve as the class representative as to unpurchased products is a question for another day. FOTE, in contrast, does not manufacture, distribute, or sell the product White purchased. FOTE does not even have *potential* liability to White, or to any putative class member, for any misrepresentations in the sale of that product.

Nor is there a question that more appropriately should be adjudicated at the class certification stage. As to the claims against Kroger, the alleged "substantial similarity" among all the challenged products it sells either will or will not be sufficient to give White a right to represent the class as to products he did not personally purchase. There are *no* putative class members, however, who have claims *against FOTE* arising from sales of Kroger® Sport Sunscreen, Spray, SPF 50, in a 5.5-oz package. "Substantial similarity" is therefore irrelevant.

---

[1] White complains that his ability to obtain full discovery has been constrained as a result of this motion having been brought so early in the litigation. The topics he suggests require further investigation, however, relate to class certification and/or the merits, and do not call into question FOTE's lack of connection to the purchased product.

As noted, FOTE apparently does manufacture and distribute some of the other products listed in the complaint. Given the basis on which summary judgment is being granted, this order and any final judgment resulting from it will not have a preclusive effect should any putative class members who purchased those products seek to name FOTE as a defendant with respect to those products, either as newly named plaintiffs in this action or in a separate action.[2] Nevertheless, FOTE's motion for summary judgment must be granted at this juncture. If the parties believe entry of a separate judgment under Rule 54(b) is appropriate at this time, they may propose one.

**IT IS SO ORDERED**.

Dated:  June 10, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[2]  Even White himself might not be barred by claim preclusion issues from bringing such a claim, but at this point he could not purchase any of the other products listed in the complaint and still plausibly allege he was misled.