UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP WHITE,

        Plaintiff,

    v.

THE KROGER CO., et al.,

        Defendants.

Case No. 21-cv-08004-RS

**ORDER CONDITIONALLY GRANTING MOTION TO DISMISS**

      Plaintiff Phillip White filed a motion seeking to dismiss this putative class action pursuant to Fed. R. Civ. P. 41(a)(1)(2) without prejudice, arguing discovery has shown the damages potentially recoverable by the class do not meet the minimum required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) (CAFA), under which the complaint invoked federal jurisdiction. White also asserts he seeks dismissal to stop defendant The Kroger Company's alleged "persistent and escalating harassment and intimidation" through "use of subpoenas to harass Plaintiff, Plaintiff's friends, Plaintiff's counsel, and Plaintiff's counsel's family members."

      White has not shown dismissal for lack of jurisdiction is compelled. As Kroger correctly points out, for cases filed in federal court (as opposed to those removed from state courts), "the sum claimed by the plaintiff controls if the claim is apparently made in good faith . . . . It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, (1938). Given his claims for unjust enrichment, punitive damages, and attorney fees, and at least some uncertainty as

to how any recovery limited to a "price premium" should be calculated, White has not shown a "legal certainty" that the amount in controversy is insufficient under CAFA.

White, of course, cannot be compelled to pursue this action regardless of whether jurisdiction exists, and whether or not his allegations of "harassment" by Kroger have merit. Furthermore, while the Rule 41(a)(1)(2) of the Federal Rules of Civil Procedure gives a court discretion to impose on any dismissal such terms as it "considers proper," Kroger's requested conditions are not warranted. Kroger asks that White be required to pay claimed attorney fees and costs to Kroger of $225,528.25 and that, notwithstanding dismissal of the complaint, Kroger be allowed to complete certain third-party discovery regarding its allegations that White's counsel has utilized an unlawful "capper" scheme to procure plaintiffs in this and other actions.

Kroger points to a case in which a district court granted a Rule 12(b)(6) motion to dismiss, finding the theory of the complaint was frivolous—and substantially identical to numerous previously dismissed cases filed by the same counsel. *See Guzman v. Walmart, Inc.*, 22-cv-3465 (N.D. Ill. May 15, 2023). The *Guzman* court ordered plaintiff's counsel to show cause why he should not have to pay the attorney fees incurred by the defendant in the case. *Id.* Here, in contrast, Kroger's motion to dismiss the complaint was denied. While there may be grounds to question whether the claims ultimately could be shown to have merit, they cannot reasonably be characterized as frivolous to support an attorney fee award under Rule 11 or on any other basis.

It is questionable whether Kroger has a cognizable interest in how White came to be represented by his counsel in this action now that he no longer seeks to represent the putative class. Even assuming it does, however, it has not shown that permitting continued third-party discovery on collateral issues is an appropriate condition to impose on White's dismissal of his substantive claims.

Accordingly, White's motion to dismiss will be granted, subject only to the condition that dismissal of his individual claims is with prejudice.[1] Because White only stated a desire to dismiss

---

[1] As no class has been certified, the dismissal has no effect on the claims of other putative class

without prejudice, this order will not take effect until July 7, 2023. Unless prior to that date, White files a written election to proceed with the litigation rather than accept dismissal with prejudice, the dismissal will then go into effect and the case will be closed without further notice or order.[2]

**IT IS SO ORDERED**.

Dated: June 27, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

members.

[2] The motions to seal are also granted.